# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

### JOE L. UTLEY v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 93-B-762     Seth Norman, Judge**

---

**No. M2003-02415-CCA-R3-CO - Filed September 2, 2005**

---

The Petitioner, Joe L. Utley, appeals the trial court's denial of his petition for writ of error coram nobis which asserted that newly discovered evidence existed that may have resulted in a different judgment at trial. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. We find the State's motion has merit. Accordingly, the motion is granted and the appeal is affirmed pursuant to Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES, and JERRY L. SMITH, JJ, joined.

Joe L. Utley, pro se.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

The Petitioner was convicted of felony murder and especially aggravated robbery. See Joe L. Utley v. State, No. M199900560CCAMR3PC, 2000 WL 374916 at *1 (Tenn. Crim. App., at Nashville, Apr. 7, 2000), *perm. app. denied* (Tenn. Nov. 6, 2000). He received concurrent sentences of life and twenty years. On January 30, 1997, the Petitioner filed a petition for post-conviction relief, the post-conviction court dismissed his petition, and this Court affirmed the dismissal on appeal. Id. at *5. On August 13, 2001, the Petitioner filed a petition for writ of error coram nobis contending that the prosecution had withheld an important statement of a witness, which the Petitioner asserts was the basis for his convictions. Specifically, the Petitioner claimed that he had newly discovered evidence, that being previous testimony by a State witness at his juvenile transfer hearing that should have been introduced at the Petitioner's trial. On August 15, 2001, the trial court

dismissed the Petitioner's petition, finding that it was barred by the statute of limitations and, further, that the allegations were not adequate grounds upon which to grant error coram nobis relief. The Petitioner filed his notice of appeal on September 19, 2003.

The Petitioner now appeals and contends that the thirty day statute of limitations period for filing his notice of appeal should be waived because he mailed his notice of appeal on August 23, 2001. Further, the Petitioner asserts that the trial court erred in denying his petition for writ of error coram nobis. The State contends that the petition for writ of error coram nobis was filed outside the one year statute of limitations. Further, the State asserts that the testimony of the State's witness was not newly discovered.

Initially, we note that the Petitioner's notice of appeal was untimely filed. Pursuant to Rule 4, Tennessee Rules of Appellate Procedure, a notice of appeal shall be filed within thirty (30) days after entry of the judgment from which an appeal is sought. The order denying the petition for writ of error coram nobis was entered on August 15, 2001, and the Petitioner filed a notice of appeal on September 19, 2003. Nevertheless, our Rules of Appellate Procedure provide that, in criminal cases, "the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." Tenn. R.App. P. 4(a). Therefore, in the interest of justice, we will waive the thirty-day filing requirement and review the petition on its merits. Tenn.R.App.P. 4(a).

A petition for writ of error coram nobis relief must be filed within one year of the time judgment becomes final in the trial court. See Tenn. Code Ann. § 27-7-103. Based on the record, it is clear that the Petitioner's petition was filed several years after the statute of limitations had run. However, due process may require that the statute of limitations for filing a petition for writ of error coram nobis be tolled. See Workman v. State, 41 S.W.3d 100, 103 (Tenn. 2001). Nothing in the record implicates any due process concerns that would require that the statute of limitations be tolled. Further, we agree with the State's assertion that the Petitioner's alleged "newly discovered" evidence, that being a juvenile hearing transcript, is not newly discovered. In Tennessee, a writ of error coram nobis should be granted when "subsequently or newly discovered evidence . . . may have resulted in a different judgment, had it been presented at trial." Tenn. Code Ann. § 40-26-105 (2003); Workman, 41 S.W.3d at 104. In affirming the post-conviction court's dismissal of the Petitioner's post-conviction petition, this Court stated that the Petitioner made a conclusory statement that the transcript would have had impeachment value and that the Petitioner "failed to show that he was prejudiced by the absence of a transcript." Utley, 2000 WL 374916 at*3. We conclude that the trial court properly denied the relief sought by the Petitioner.

Accordingly, the State's motion is hereby granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ROBERT W. WEDEMEYER, JUDGE